**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MINOR L. MCNEIL**                                                                        **PLAINTIFF**

**V.**                                              **4:20CV00100 JM**

**UNITED STATES; DEPARTMENT**
**OF TREASURY**                                                                           **DEFENDANTS**

**ORDER**

Plaintiff McNeil filed his *pro se* complaint under 42 U.S.C. § 1983, asking this Court to

quash a subpoena issued by the IRS, to issue an injunction preventing the IRS from further

action against him, and to return property already seized. (Doc. 1) He has since filed an amended

complaint, (Doc. 2), a supplemental motion to quash, (Doc. 3), and a motion for immediate

judicial intervention. (Doc. 6) The Government has moved to dismiss for lack of jurisdiction.

(Doc 8) McNeil has responded, (Doc. 11), and the motion is now ripe for review.

**I.      Background**

McNeil contends that the federal government has no right to serve a subpoena on him or

to tax him. (Doc. 1 & 2). McNeil provides an historical synopsis to support his position that,

while the government illegally (and treasonously) gave itself jurisdiction to tax after FDR's New

Deal, the right ended when Congress enacted the National Emergency Act of 1977. (*Id*.)

Ignoring the Sixteenth Amendment to the Constitution, McNeil contends the United

States has no authority to tax a "local territorial jurisdiction." (Doc. 1-1 at 4) (quoting *M'Culloch

v. State of Maryland*, 17 U.S. 316 (1819)). He further argues that Congress unlawfully "extended

federal wartime jurisdictions to control trading activity inside the . . . United States," (Doc. 1-1 at

2), and that, as a result, "[a]lmost nine decades have gone by without the American population at

large having 'caught on' to FDR's treason." (Doc. 1-1 at 8; Doc. 6 at 5). Nevertheless, McNeil

argues that, by enacting the National Emergency Act of 1977, Congress unwittingly reverted

federal jurisdictions back to the way they were before FDR's New Deal. (Doc. 1-1 at 9). As a

consequence, McNeil contends that he cannot be subpoenaed because he is "not a citizen of the

U.S; [and is] a nonresident alien with respect to the U.S." (Doc. 1 at 5).

McNeil interprets the Internal Revenue Code to provide that neither his Arkansas birth,

his home in Alexander, Arkansas, nor his employment at the University of Arkansas for Medical

Science (UAMS), make him a citizen of the United States subject to federal tax law. (Doc. 1-1 at

61-62). He argues his Arkansas home "is a foreign state" that "is not within the United States"

and that UAMS is a "foreign corporation." (*Id.*). As a result, McNeil argues that an unauthorized

levy has been laid on his earnings from UAMS which were not derived from a source within the

U.S. (*Id.*) McNeil states that he has filed "zero" federal income on tax returns since 2006, that

the IRS has recognized that he is not required to pay federal income, and that the IRS has

illegally levied taxes on his constitutionally protected earnings. (Doc. 1-1 at 6). He seeks

injunctive relief, replevin for wrongfully levied sums, and a declaratory judgment that he cannot

be taxed.

The Government has moved to dismiss explaining that subject-matter jurisdiction does

not exist as it has not waived its immunity or McNeil has not demonstrated prerequisites to

support federal jurisdiction. (Doc. 8). It also argues that McNeil has failed to state a claim for

relief. (*Id*). The government asserts that McNeil's claims are nothing more than

"misrepresentations, unsupported or incomplete allegations, and vague generalizations" and "an

incoherent recitation of unsupported statements, purportedly pertaining to the government's 'war

powers.'" (Doc. 8 at 4-5). The government contends that McNeil's claims are a "frivolous

challenge to, and attempt to restrain collection of, [his] income tax liabilities," explaining that

McNeil is attempting to "re-litigate tax liabilities previously adjudicated by the Tax Court and

the Eighth Circuit[.]" (*Id*. at 5). Because the Court finds that subject-matter jurisdiction is

lacking, the Court need not address the Government's additional grounds for dismissal.

## II.      Standard

In considering a motion to dismiss, the court views the complaint favorably to the

plaintiff. *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013). The party claiming jurisdiction

has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Moss v.*

*United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). Because a motion under Rule 12(b)(1)

challenges the threshold question of the jurisdiction of the court, "the court may look outside the

pleadings" to determine whether jurisdiction exists. *Id*.

A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) is subject to the same

standard as a motion brought under Rule 12(b)(6). *Stalley v. Catholic Health Initiatives*, 509 F.3d

517, 520-21 (8th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading

stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a

"probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very

remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974)).

Generally, "[a] district court lacks jurisdiction to hear a case against the United States

unless its sovereign immunity has been waived[.]" *Kaffenberger v. United States*, 314 F.3d 944,

950 (8th Cir. 2003). Here, the United States has neither waived its immunity nor has McNeil

alleged any basis for federal jurisdiction. Therefore, this Court lacks jurisdiction to hear this

case.

**III.     Analysis**

A.      Motion to Quash

In January 2020, the IRS issued a summons to McNeil seeking personal tax information

for unpaid tax liabilities for 2006-2007 and 2009-2017. (Doc. 1-1 at 103-05, Doc. 8 at 3).

McNeil has moved to have that summons quashed. (Doc. 1, 2, & 3).

A district court only has jurisdiction to address a taxpayer summons in limited

circumstances – usually when the summons is served on a third-party record holder such as a

bank or an attorney. 26 U.S.C. § 7609(b)(2), (f), or (g). None of these sections apply to McNeil.

Rather, a taxpayer, like McNeil, who wants to challenge a personal summons may do so either

before an IRS hearing officer or by refusing in good faith to comply, thus compelling the

government to bring an enforcement action in district court where the taxpayer may then offer up

a defense. 26 U.S. C. § 7604; *see United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir. 1994)

(noting general mechanism for taxpayer challenges); *see also In re Peter*, 322 F. Supp. 270, 271

(E.D. Ky. 1970) (dismissed motion to quash raised by taxpayer finding it was equivalent to

injunction and remedy already existed). In short, if the summons had been issued to a third-party,

McNeil may have standing to bring a motion to quash. As it stands, however, the government

has not waived its immunity; and, McNeil's attempt to circumvent the procedure does not create

standing. 26 U.S.C § 7609(c)(2)(A); *see Tabar v. United States*, 142 F.R.D. 343, 344 (D. Utah

1992) (the right to quash a summons does not extend to a summons served on the person with

respect to who liability the summons is issued).

Because the IRS has not pursued an enforcement proceeding in this matter, McNeil's has

no standing to pursue a motion to quash. Accordingly, the motion is denied.

B.      Remaining Claims

McNeil asserts that this Court has jurisdiction to hear his claims under 28 U.S.C. § 1331,

§ 1332(a)(2), § 1346(a)(1), § 1355, and § 1356. (Doc. 1-1 at 7). As will be explained below,

jurisdiction does not exist.

"A waiver of the Federal Government's sovereign immunity must be unequivocally

expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996)

(internal citations omitted). Sections 1331, 1332(a)(2), and 1356 are general jurisdiction statutes

and do no serve to waive sovereign immunity. *See In re Blunt*, 358 F. Supp. 2d 882, 888 (D.N.D.

2005) (§1331 does not waive sovereign immunity); *Nishibayashi v. England*, 360 F. Supp. 2d

1095, 1101 (D. Haw. 2005) ("[S]ection 1332 is not in itself a waiver of sovereign immunity[.]");

*Murray v. United States*, 686 F.2d 1320, 1324 (8th Cir. 1982) ("There is . . . no waiver of

sovereign immunity to be found in 28 U.S.C. § 1356, which is merely another general provision

vesting jurisdiction in the district courts over certain kinds of seizures."). And, § 1332(a)(2)

governs diversity suits between state citizens and a foreign state. So, if McNeil's reliance on this

section is based on his declaration that he is a sovereign not subject to the laws of the United

States, then that allegation, too, does not waive immunity. *Lane*, 518 U.S. at 192.

Section 1346(a)(1) provides jurisdiction for tax refund suits. However, before a taxpayer

may bring a claim for a refund of federal taxes, he must first have timely made an administrative

claim and have paid the taxes for which the refund is sought. *See Barse v. United States*, 957

F.3d 883, 885 (8th Cir. 2020); *see also Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir.

2002) (quoting *Flora v. United States*, 362 U.S. 145, 177 (1960)).

In his prayer for relief in his initial complaint, McNeil asks the Court to "[a]dd up all the injuries done by the Department of the Treasury and provide a remedy sufficient to pay [him] for his monetary losses[.]" (Doc. 1-1 at 9). Presumably in support of the alleged losses, McNeil attaches his pay stubs from UAMS showing that, beginning in 2018, his paycheck was garnished to satisfy an unpaid tax levy. (Doc. 1-1 at 65-102). Then in his amended complaint, McNeil asks for "property withheld from 2006 to 2016 totaling $199,256.63" as well as the "[o]ngoing levy . . . totaling $13,580.66 and continuing." (Doc. 2 at 7) As previously laid out, McNeil's prayer for relief is based on his belief that the government has no right to tax him at all. Even though McNeil appears to challenge all taxes, he has not met the threshold for jurisdiction by demonstrating that he has fully paid the challenged tax or that he made a timely administrative claim. In fact, he does the opposite and claims that he has "filed 'zero' federal income on tax returns with the IRS since 2006."1  (Doc. 1-1 at 6). Accordingly, this Court lacks jurisdiction under § 1346(a)(1).

Finally, McNeil relies on §1355 for jurisdiction, noting that it provides for the recovery of fines or penalties illegally imposed. (Doc. 1-1 at 7) He contends the government has illegally "imposed constititutionally prohibited bills of attainder in the form of 'Civil Penalties' with accruing interest." (Doc. 1-1 at 6-7) Reading his complaint liberally, it appears that McNeil is making the novel argument that taxes, and any subsequent penalty or fine for nonpayment thereof, are the equivalent to a bill of attainder. The Court, however, cannot find any support for this argument. And, as argued by Defendant, Congress provided a means to challenge taxes

---

1 Whether zero-tax claims, either generally or as pertain to McNeil, are valid returns need not be addressed at this time.

through § 1346(a)(1).   McNeil cannot circumvent the jurisdictional requirements of that

provision by attempting to bring a suit under §1355. (Doc. 8 at 14); *Horkey v. United States*, 715

F. Supp. 259, 261 (D. Minn. 1989) (Full payment of any tax, penalty, or sum (such as interest) is

necessary before a suit to recover any of these assessments may be maintained under

§ 1346(a)(1)).

**IV.    Conclusion**

Defendants' motion to dismiss (Doc. 8) is GRANTED. McNeil's complaint is

DISMISSED without prejudice. The Clerk is directed to administratively terminate McNeil's

motions. (Doc. 3 & 6).

IT IS SO ORDERED this 22nd day of June, 2020.

                                              _____

                                          UNITED STATES DISTRICT JUDGE